## IKE JUNIOR MERIDA v. STATE OF INDIANA

[No. 1277S820. Filed January 9, 1979. Rehearing denied March 30, 1979.]

*Jack R. Shields*, of Batesville, for appellant.

*Theodore L. Sendak*, Attorney General, *Alembert W. Brayton*, Deputy Attorney General, for appellee.

GIVAN, C.J.— Appellant was convicted of second degree murder and was sentenced to a term of 15-25 years imprisonment. He advances one argument in this appeal: That his trial counsel was incompetent.

"It is well settled that it requires strong and convincing evidence to rebut the presumption that counsel has been competent. Incompetency of counsel revolves around the particular facts of each case, and what the attorney did or did not do must have made the proceedings a mockery of justice shocking to the conscience of the reviewing court to constitute incompetence. This court will not second-guess tactics or strategy of a particular attorney in a particular case." *Dull v. State*, (1978) 267 Ind. 549, 372 N.E.2d 171, 173.

Isolated instances of poor strategy, bad tactics, or mistakes do not constitute ineffective counsel unless, taken as a whole, the record shows that the trial was reduced to a mockery of justice. *Blackburn v. State*, (1973) 260 Ind. 5, 291 N.E.2d 686.

As an alternative argument, appellant contends our review standard should be changed to one of "reasonably competent assistance of counsel." We recently considered this very question and declined to alter the rule. *Cottingham v. State*, (1978) 269 Ind. 261, 379 N.E.2d 984. The present review standard adequately insures that criminal defendants receive competent legal counsel. We see no compelling reason to modify it.

Appellant attempts to argue that the fact that his counsel was not admitted to the Indiana bar (although he was admitted in Ohio) per se makes him incompetent to practice criminal law in Indiana without local counsel. We rejected that contention in *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843. In fact, the record in the case at bar seems to indicate just the opposite. Appellant's attorney, Harvey B. Woods, was admitted to the Ohio bar in 1953 and has practiced in Cincinnati continuously since that time. He specializes in criminal practice and spends 2-3 days per week in court. Besides handling numerous homicide, felony and capital cases in Ohio, he has also litigated numerous homicide, felony, fraud, and divorce cases in Indiana. He has tried cases in Kentucky, Virginia, Michigan, California, and in the federal courts.

Woods first met with appellant a few days before the arraignment and talked with him for about one hour. He then appeared at appellant's arraignment and conferred with the trial judge and the prosecutor concerning the case. At that time, the possibility of obtaining local counsel was discussed; but prior to trial, the parties stipulated that appellant did not desire local counsel. Woods' pre-trial preparation included two conferences with the prosecutor, several conferences with appellant's family, views of the scene of the alleged offense, interviewing prospective witnesses, and considerable library work. He also had two more pre-trial conferences with appellant to discuss the case.

At trial, Woods conducted voir dire and moved for a separation of witnesses. A perusal of the transcript shows that he registered numerous objections to the State's questions and to evidence introduced, and on several occasions he argued the merits of his objections. At the close of the State's evidence, he moved for a directed verdict of acquittal, and when the motion was overruled proceeded to call and examine eight defense witnesses. He objected to certain instructions given

by the court. He appeared with appellant at his sentencing and later conferred with the family regarding a possible appeal. On the last day within the time limits Woods filed a motion to correct errors on behalf of appellant, even though he was aware that the family had obtained other counsel. His reason for filing the motion was that no other motion had yet been filed for the appellant. In the motion, he alleged the trial court erred in admitting certain photographs, in permitting a demonstration of the shooting to be made to the jury, and also that the State failed to prove malice and intent.

Woods testified that he did not seek a change of venue because certain State's witnesses lived in some of the surrounding counties. He also stated that to stay in Decatur County was a matter of trial strategy since he felt the jurors might associate the decedent with a local bar in Greensburg which had been notorious as the scene of a previous murder and disassociate the appellant therefrom, as he was good-looking and truthful in his manner and appearance.

Taken as a whole, the record in the case at bar, as illustrated by the above-cited facts, gives no indications of an incompetent trial counsel. Appellant's only evidence in support of his contention was to show that Woods did not interview certain prosecution witnesses prior to trial. However, these witnesses testified that their statements to the police were substantially similar to their trial testimony. This evidence is not sufficient to overcome the strong presumption of competence. As stated in *Kerns v. State*, (1976) 265 Ind. 39, 349 N.E.2d 701:

> "There is nothing in the record before us to warrant a charge of ineffective counsel. The record does not reflect that he made a thorough investigation, but it does not reflect that he did not nor that there was anything about the case not revealed to him by the defendant. The very best of lawyers are limited to working with their cases as they find them. They cannot alter the facts. They cannot make unlawful acts lawful. They cannot undo the crime. If the investigation was brief and limited, perhaps it was because it, nevertheless, revealed that there was no need to explore further. If no defense witnesses were called, perhaps it was because there were none to call. If no plea of insanity was entered, perhaps it was because the defendant was sane. Mere allegations of omissions, unsupported by the record, and speculation as to what might or might not have been more beneficial to the defendant do not pre-

sent issues susceptible to review." 265 Ind. at 42-3, 349 N.E.2d at 703-4.

The judgment of the trial court is affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ. concur.

NOTE—Reported at 383 N.E.2d 1043.