ATTORNEYS FOR APPELLANT
Susan K. Carpenter
Public Defender of Indiana

Victoria Christ
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

_____

No. 49S04-0705-PC-209

ADRIAN REED,

*Appellant (Petitioner Below),*

v.

STATE OF INDIANA,

*Appellee (Respondent Below).*

_____

Appeal from the Marion Superior Court, Criminal Division II,
No. 49G02-0105-PC-119446
The Honorable Amy J. Barbar, Magistrate;
The Honorable Robert R. Altice, Jr., Judge

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 49A04-0601-PC-31

_____

**May 22, 2007**


**Shepard, Chief Justice.**


Appellant Adrian Reed sought post-conviction relief, claiming as freestanding issues two contentions about his sentence. The Court of Appeals addressed both claims on the merits. Reed's lawyers and the court thus converted the post-conviction process into a "super appeal." We grant transfer.

Reed was convicted in 2002 of murder, possession of a firearm by a serious violent felon, and possession of a handgun without a license. The sentence was eighty-five years. On direct appeal, the Court of Appeals set aside the conviction for possession without a license, but otherwise affirmed. Reed v. State, No. 49A04-0205-CR-233, slip op. (Ind. Ct. App. April 17, 2003).

A year later, Reed petitioned for post-conviction relief, alleging that his sentence was improper and that his trial and appellate lawyers were ineffective. The court denied Reed's petition, and Reed appealed. Tracking Reed's brief, the Court of Appeals took up each of Reed's sentencing contentions. Reed v. State, 857 N.E.2d 19, 23-26 (Ind. Ct. App. 2006), vacated. The propriety of a defendant's sentence, however, is not properly questioned through collateral proceedings. See, e.g., Collins v. State, 817 N.E.2d 230, 232-33 (Ind. 2004); Allen v. State, 749 N.E.2d 1158, 1163 (Ind. 2001). Only issues "not known at the time of the original trial" or issues "not available on direct appeal" may be properly raised through post-conviction proceedings. See Ben-Yisrayl v. State, 738 N.E.2d 253, 258 (Ind. 2000).

Thus, the only remaining issue properly considered through post-conviction proceedings is the effectiveness of Reed's counsel. Reed argued his trial counsel was ineffective because (1) counsel failed to object to an alleged improper aggravator, and (2) counsel failed to object to the imposition of consecutive sentences for Reed's serious violent felon convictions. (App. Pet. to Transfer at 9-11.) Reed argued his appellate counsel was ineffective because counsel failed to raise these arguments on direct appeal. (Id.) As the Court of Appeals properly concluded, these arguments fail. Reed, 857 N.E.2d at 26.

A successful claim for ineffective assistance of counsel must satisfy two components:

First, the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show prejudice: a reasonable probability (i.e. a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different.

McCary v. State, 761 N.E.2d 389, 392 (Ind. 2002) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984)).

When considering the first prong of the Strickland test, deficient performance, the question is not whether the attorney could – or even should – have done something more. Rather, the question is whether the attorney's performance amounted to a reasonably competent defense or did not. As a result, the inquiry must focus on what the attorney actually did, and "[i]solated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective." Timberlake v. State, 753 N.E.2d 591, 603 (Ind. 2001). Moreover, because "[c]ounsel is afforded considerable discretion in choosing strategy and tactics, . . . [a] strong presumption arises that counsel rendered adequate assistance." Id.

The post-conviction court was right to conclude that Reed has not overcome the strong presumption that his counsel provided adequate assistance. The two failures Reed sees in the work of his lawyers do not demonstrate unreasonable performance.

First, Reed says his trial and appellate lawyers failed him when they did not attack enhancement of his sentence on grounds that among the prior convictions the sentencing judge noted was the conviction that rendered him a serious violent felon.[1] Reed's criminal history is substantial, as the trial court's summary demonstrates:

> I find as aggravating circumstances the criminal history, fourteen juvenile arrests, nineteen adult arrests. True findings include theft on February 23rd of '88, criminal trespass April 2nd of '90, burglary as a B Felony March 2nd of '90, escape as a C Felony July 30th of '90, and criminal trespass October 30th of '92, criminal mischief September 20th of '91. As an adult you've received convictions for carrying a handgun without a license on June 29th of '95, dealing cocaine as a Class B Felony May 9th of '96, and on that case your probation was revoked for violating terms and conditions of your probation, unlawful possession of a firearm by a serious violent felon and possession of cocaine on October 26th of 2001, that was in your Criminal Court Four case, and carrying a handgun without a license as a Class C Felony on March 28th of 2002 in Criminal Court One.

---

[1] Reed argues that Hatchett v. State, 740 N.E.2d 920 (Ind. Ct. App. 2000), stands for the proposition that the predicate felony supporting a serious violent felon conviction cannot also be used to enhance a sentence for that same offense. (Pet. to Transfer at 4-7.) This Court has not spoken on the issue.

(Appellant's App. at 158.) In light of this litany, and the presumption of effective performance, it was well within the range of reasonable performance to take a pass on challenging the sentence on the grounds specified.[2]

Reed's second contention as respects his lawyers has been that they should have tried to make new law by claiming that serious violent felon sentences cannot be stacked, under authority of Starks v. State, 523 N.E.2d 735, 736-37 (Ind. 1988) (court cannot impose two consecutive habitual offender sentences). The Court of Appeals thought the claim based on Starks unavailing on the merits, but taken as an ineffective assistance claim, the issue is whether Reed's lawyers were deficient for not devising the idea. Reed's lawyers were representing a client who was convicted twice as a serious violent felon in two different courts for two different acts. The court in which they represented him had before it a highly ordinary question: should today's sentence be ordered consecutive to another? Ind. Code § 35-50-1-2 authorizes consecutive sentences where appropriate. There were a variety of arguments available about whether the court should do so. While generating new legal theories is good for the system, not doing so is not a violation of the Sixth Amendment.

We thus affirm the denial of Reed's PCR petition.

Dickson, Sullivan, and Boehm, JJ., concur.
Rucker, J., concurs in result without separate opinion.

---

[2] As respects Reed's claim that trial counsel was ineffective for failure to object to a claimed improper aggravator, we observe that an appellate court can review claims of sentencing error without insisting that the claim first be presented to the trial court. Kincaid v. State, 837 N.E.2d 1008 (Ind. 2005).