**Herman Cecil MALLORY,
Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–
Respondent.**

**No. 02A04–1007–PC–493.**

Court of Appeals of Indiana.

June 2, 2011.

Publication Ordered July 13, 2011.

Herman C. Mallory, Plainfield, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, James E. Porter, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Petitioner Herman C. Mallory challenges the post-conviction court's denial of his petition for post-conviction relief ("PCR"). Upon appeal, Mallory contends that he received ineffective assistance of both trial and appellate counsel. We affirm.

## FACTS AND PROCEDURAL HISTORY

This court's opinion in Mallory's direct appeal instructs us as to the underlying facts and procedural history leading to this post-conviction appeal:

> On January 19, 1989, the State filed an information, charging Mallory with murder, a felony, I.C. § 35–42–1–1 (1988 ed.). On August 21 and 22, 1989, a jury trial was held. During the second day of trial, Mallory pled guilty as charged. On September 5, 1989, the trial court sentenced Mallory to fifty-five years imprisonment. On August 29, 2005, Mallory filed a Petition for Belated Appeal. On September 1, 2005, the trial court granted Mallory's Petition.

*Mallory v. State*, 02A05–0509–PC–535, 845 N.E.2d 266 (Ind.Ct.App. March 6, 2006). On March 6, 2006, this court issued a memorandum decision affirming the judgment of the trial court. *Id.*

Mallory filed a petition for post-conviction relief on July 7, 2008, and on June 18, 2009, was granted leave to amend his petition. The post-conviction court held an evidentiary hearing on Mallory's petition on December 22, 2009, and denied Mallory's request for relief on June 14, 2010. This appeal follows.

## DISCUSSION AND DECISION

 Post-conviction proceedings are civil in nature. *Stevens v. State,* 770 N.E.2d 739, 745 (Ind.2002). Therefore, in order to prevail, petitioners must establish their claims by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Stevens,* 770 N.E.2d at 745. When appealing from a denial of a petition for post-conviction relief, petitioners must convince this court that the evidence, taken as a whole, "leads unmistakably to a conclusion opposite that reached by the post-conviction court." *Stevens,* 770 N.E.2d at 745. "It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that its decision will be disturbed as contrary to law." *Godby v. State,* 809 N.E.2d 480, 482 (Ind. Ct.App.2004), *trans. denied.* The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. *Fisher v. State,* 810 N.E.2d 674, 679 (Ind.2004). We therefore accept the post-conviction court's findings of fact unless they are clearly erroneous but give no deference to its conclusions of law. *Id.*

 Post-conviction proceedings do not afford a petitioner with a super-appeal, and not all issues are available. *Timberlake v. State,* 753 N.E.2d 591, 597 (Ind. 2001). A claim of ineffective assistance of trial counsel is properly presented in a post-conviction proceeding if such claim is not raised on direct appeal. *Id.* A claim of ineffective assistance of appellate counsel is an appropriate issue for post-conviction review. *Id.*

## I. Ineffective Assistance of Counsel

### A. Standard of Review

The right to effective counsel is rooted in the Sixth Amendment to the United States Constitution. *Taylor v. State,* 840 N.E.2d 324, 331 (Ind.2006). " 'The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results.' " *Id.* (quoting *Strickland v. Washington,* 466 U.S. 668, 685, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper function of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686, 104 S.Ct. 2052.

A successful claim for ineffective assistance of counsel must satisfy two components. *Reed v. State,* 866 N.E.2d 767, 769 (Ind.2007). Under the first prong, the petitioner must establish that counsel's performance was deficient by demonstrating that counsel's representation "fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *Id.* We recognize that even the finest, most experienced criminal defense attorneys may not agree on the ideal strategy or most effective way to represent a client and therefore under this prong, we will assume that counsel performed adequately, and will defer to counsel's strategic and tactical decisions. *Smith v. State,* 765 N.E.2d 578, 585 (Ind. 2002). Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. *Id.* Under the second prong, the petitioner must show that the

deficient performance resulted in prejudice. *Reed,* 866 N.E.2d at 769. A petitioner may show prejudice by demonstrating that there is "a reasonable probability (*i.e.* a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different." *Id.*

A petitioner's failure to satisfy either prong will cause the ineffective assistance of counsel claim to fail. *See Williams v. State,* 706 N.E.2d 149, 154 (Ind.1999). Therefore, if we can resolve a claim of ineffective assistance of counsel based on lack of prejudice, we need not address the adequacy of counsel's performance. *See Wentz v. State,* 766 N.E.2d 351, 360 (Ind. 2002). Further, the same standard applies to claims of ineffective assistance of trial counsel and claims of ineffective assistance of appellate counsel. *Burnside v. State,* 858 N.E.2d 232, 238 (Ind.Ct.App.2006).

### B. Ineffective Assistance of Trial Counsel

■ Mallory argues solely that his trial counsel was per se ineffective because he was not licensed to practice law in Indiana. In support, Mallory cites to *Butler v. State,* 668 N.E.2d 266, 269 (Ind.Ct.App. 1996), in which a panel of this court concluded that an attorney who is not licensed in Indiana was "per se incapable of providing an Indiana criminal defendant with his constitutional right to the effective assistance of counsel." Mallory fails to acknowledge, however, that the position adopted by the *Butler* panel had previously been rejected by the Indiana Supreme Court in *Maldonado v. State,* 265 Ind. 492, 502, 355 N.E.2d 843, 850 (1976), and *Merida v. State,* 270 Ind. 218, 219, 383 N.E.2d 1043, 1044 (1979) (providing that the fact that out-of-state attorney was not admitted to the Indiana bar did not make him per se incompetent to practice criminal law in Indiana without local counsel). More recently, in *Little v. State,* 819 N.E.2d 496,

503 (Ind.Ct.App.2004), this court concluded that representation by an attorney licensed in another state, but not Indiana, did not amount to a per se violation of a defendant's constitutional right to effective assistance of counsel. In light of the Indiana Supreme Court's holdings in *Maldonado* and *Merida,* as well as this court's conclusion in *Little,* we conclude that Mallory's counsel, who was licensed in Michigan but not Indiana, was not per se incapable of providing Mallory with his constitutional right to effective assistance of counsel.

### C. Ineffective Assistance of Appellate Counsel

■ Mallory argues that his appellate counsel was ineffective for the following reasons: (1) she failed to raise as error the trial court's alleged refusal to tender a reckless homicide instruction; (2) she failed to argue that Mallory's trial counsel was per se incapable of rendering effective assistance; and (3) she forfeited Mallory's right to seek rehearing or transfer. In making these claims, Mallory neither explains how he was prejudiced by appellate counsel's failure to raise the above-stated issues on direct appeal or seek rehearing or transfer, nor cites to any portion of the record which supports his claims. Indiana Appellate Rule 46(A)(8) provides in relevant part, "The argument must contain the contentions of the appellant on the issues presented supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on." A party waives an issue where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record. *Lyles v. State,* 834 N.E.2d 1035, 1050 (Ind.Ct.App.2005), *trans. denied; Smith v. State,* 822 N.E.2d 193, 202–03 (Ind.Ct.App. 2005), *trans. denied.* Accordingly, Mallory has waived these issues for appellate review.

The judgment of the post-conviction court is affirmed.

BAKER, J, and MAY, J., concur.

### ORDER

Appellee, State of Indiana, by counsel, filed an Appellee's Motion to Publish Memorandum Decision.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellee's Motion to Publish Memorandum Decision is GRANTED and this Court's opinion heretofore handed down in this cause on June 2, 2011, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

BAKER, MAY, BRADFORD, JJ., concur.