**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Apr 17 2012, 9:12 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID M. PAYNE**
Ryan & Payne
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBBIE S. MCCAIN-FICKLIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 27A02-1108-CR-767 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Dana J. Kenworthy, Judge Pro Tempore
Cause No. 27D02-1004-FD-40

**April 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Robbie S. McCain-Ficklin appeals her conviction for Class D felony battery on her minor stepson. McCain-Ficklin alleges that trial counsel rendered ineffective assistance by failing to tender a jury instruction on parental privilege. Because we conclude that counsel employed a reasonable trial strategy, we find that McCain-Ficklin did not receive ineffective assistance. We affirm.

## Facts and Procedural History

The facts most favorable to the verdict are that on Saturday, January 16, 2010, McCain-Ficklin cared for her three-year-old stepson, Z.F., while Z.F.'s father was at work. McCain-Ficklin fed Z.F. a snack and some juice in the afternoon. McCain-Ficklin later discovered that Z.F. had spilled his juice on the carpet. She punished Z.F. by spanking his bottom with a belt.

When Z.F.'s father returned home from work, McCain-Ficklin told him about the spanking. The next day, when Z.F.'s father bathed the child, he noticed welts on Z.F.'s bottom. He asked McCain-Ficklin about the marks. She again said that she spanked Z.F. but also said that Z.F. had fallen from his Handy Manny chair the day before.[1]

Later that afternoon, Z.F. went to his mother's home. Z.F.'s father informed Z.F.'s mother that Z.F. had been spanked and had some bruising. On Monday, when

---

[1] The Handy Manny chair is a child's chair with a graphic of the cartoon character Handy Manny on it. The chair is best described as a saucer-like, foldable chair with hard legs and a cushioned seat. *See* State's Exs. 9-11.

[2] The defense of parental privilege stems from Indiana Code section 35-41-3-1, which provides: "A person is justified in engaging in conduct otherwise prohibited if he has legal authority to do so." In *Willis v. State*, our Supreme Court described the privilege: "[a] parent is privileged to apply such reasonable force or to impose such reasonable confinement upon his [or her] child as he [or she] reasonably believes to be necessary for its proper control, training, or education." 888 N.E.2d 177, 182

Z.F.'s mother gave him a bath, she noticed marks on Z.F.'s bottom and thigh. She reported the injuries to authorities. Marion Police Department Officer Timothy Pauley came to the home and took photos of Z.F.'s injuries. The following day, authorities conducted a forensic interview with Z.F. Z.F. reported that McCain-Ficklin had spanked him with her hand and a belt for spilling his juice.

McCain-Ficklin was then interviewed by authorities. McCain-Ficklin admitted spanking Z.F. but told authorities she thought the marks on Z.F.'s bottom were caused by falling or sliding from his Handy Manny chair, which she brought to the interview. She also said that Z.F. might have called her hand a belt because she sometimes referred to her hand as a belt. Authorities concluded that Z.F.'s injuries were consistent with being struck by a belt and not consistent with the claim that Z.F. fell from the Handy Manny chair. The State charged McCain-Ficklin with Class D felony battery.

At trial, McCain-Ficklin testified that she "tapped" Z.F. three times, at most, on "the side of his leg like towards, up towards his hip area." Tr. p. 112, 116. She said that she did not strike Z.F. hard enough to cause the bruising and welts on his bottom. *Id.* at 112-13. She testified that she thought those marks were caused by Z.F. falling from his Handy Manny chair, perhaps onto his toys on the floor. *Id.* at 115-16, 122. Counsel also argued that because Z.F. was so young, he could have been influenced to lie, or someone else could have struck Z.F. *Id.* at 172-74, 178.

The jury found McCain-Ficklin guilty as charged. She was sentenced to twenty-four months in prison, with seven days of service on a work crew and twenty-three months suspended to formal probation. McCain-Ficklin now appeals.

3

## Discussion and Decision

McCain-Ficklin alleges that her trial counsel rendered ineffective assistance by failing to tender a jury instruction on parental privilege. A claim of ineffective assistance of counsel involves two components. First, the petitioner must establish that counsel's performance was deficient, in that counsel's representation fell below an objective standard of reasonableness. *Wrinkles v. State*, 915 N.E.2d 963, 965 (Ind. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). Second, the petitioner must establish that the deficient performance prejudiced his defense. *Id.* In other words, the petitioner must show that but for counsel's errors, the result of the proceeding would have been different. *Id.* (citing *Strickland*, 466 U.S. at 694). Because McCain-Ficklin is raising ineffective assistance of counsel on direct appeal, she is foreclosed from raising it in post-conviction proceedings. *Caruthers v. State*, 926 N.E.2d 1016, 1023 (Ind. 2010).

Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective. *Reed v. State*, 866 N.E.2d 767, 769 (Ind. 2007). Moreover, because counsel is afforded considerable discretion in choosing strategy and tactics, a strong presumption arises that counsel rendered adequate assistance. *Id.* The selection of a defense theory is a matter of trial strategy. *Benefield v. State*, 945 N.E.2d 791, 799 (Ind. Ct. App. 2011).

On appeal, McCain-Ficklin claims that parental privilege gave her legal authority to use corporal punishment in dealing with Z.F. because she is his stepmother.[2] She

---

[2] The defense of parental privilege stems from Indiana Code section 35-41-3-1, which provides: "A person is justified in engaging in conduct otherwise prohibited if he has legal authority to do so." In *Willis v. State*, our Supreme Court described the privilege: "[a] parent is privileged to apply such reasonable force or to impose such reasonable confinement upon his [or her] child as he [or she]

4

argues that in failing to instruct the jury on this issue, counsel's performance was deficient and fell beyond an objective standard of reasonableness. McCain-Ficklin goes on to argue that she was prejudiced by counsel's failure because if the jury had been instructed on parental privilege, they would likely have found that she had a valid defense to the charge against her.

We need not reach the issue of prejudice as McCain-Ficklin cannot show that her trial counsel was deficient. At trial, McCain-Ficklin testified that her spanking of Z.F. constituted, at most, three taps to the child's hip and thigh area. She stated that her spanking of Z.F. could not have caused the injuries to the child's bottom and instead attributed the injuries to the child's bottom to a fall from a chair. Counsel reiterated McCain-Ficklin's claim that the injuries could have been caused by a fall and also argued that someone else could have caused the injuries, or that Z.F., because of his young age, could have been influenced to lie. It is clear that the chosen trial strategy was to maintain McCain-Ficklin's innocence and offer alternative causes of injury to Z.F. Requesting an instruction on parental privilege, which would be tantamount to claiming that McCain-Ficklin had caused the injuries but was justified in doing so, would be wholly inconsistent with this chosen strategy. Given the considerable discretion afforded counsel in choosing strategy and tactics and our deference in reviewing such decisions, we cannot say that counsel's decision not to tender an inconsistent jury instruction on

reasonably believes to be necessary for its proper control, training, or education." 888 N.E.2d 177, 182 (Ind. 2008) (quoting Restatement of the Law (Second) Torts, § 147(1) (1965)). As McCain-Ficklin correctly notes, this privilege extends to stepparents. *See McReynolds v. State*, 901 N.E.2d 1149, 1154 (Ind. Ct. App. 2009).

parental privilege constitutes deficient performance. We therefore conclude that McCain-Ficklin did not receive ineffective assistance of counsel.

Affirmed.

CRONE, J., and BRADFORD, J., concur.