**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**FREDERIC WILLIAMS**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana



FILED

Oct 31 2012, 9:30 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FREDERIC WILLIAMS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1110-PC-621 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-0708-FA-158510

**October 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

Frederic Williams brings this appeal from the denial of his petition for post-conviction relief. He raises two contentions: (1) error in admitting evidence that resulted from a search warrant, and (2) fundamental error when his wife was compelled to testify at his trial.

The first contention concerning the search is waived since no argument addressing it is presented. *See Mallory v. State*, 954 N.E.2d 933, 936 (Ind. Ct. App. 2011) (noting that failure to present cogent argument in support of a claim results in waiver).

In his argument addressing testimony by his wife, we believe that Williams is actually attempting to assert what was known at common law as a testimonial privilege, i.e., that a spouse was precluded from presenting any testimony. As our Supreme Court pointed out in *Glover v. State*, 836 N.E.2d 414, 417-18 (Ind. 2005), Indiana does not recognize that form of privilege. Instead, the spousal privilege in Indiana is provided by Indiana Code section 34-46-3-1 (1998): "Except as otherwise provided by statute, the following persons shall not be required to testify regarding the following *communications* . . . Husband and wife, as to *communications* made to *each other*." (Our emphasis).

None of the wife's testimony at trial touched upon confidential communications between her and Williams, and this Court so held in Williams' direct appeal. *See Williams v. State*, No. 49A02-0909-CR-875, slip op. at 3 (Ind. Ct. App. May 5, 2010), *trans. denied*.

The fact that the post-conviction court also considered that any privilege might have been waived is of no moment. On appeal this Court did not rely on waiver. Instead, as noted, it relied on the fact that no confidential communications were testified to.

It follows that the claim Williams now seeks to raise was already considered and decided in his direct appeal. The doctrine of *res judicata* prevents it from being litigated again. *Ben-Yisrayl v. State*, 738 N.E.2d 253, 259-60 (Ind. 2000).

The denial of post-conviction relief is therefore affirmed.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.