## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 28 2018, 11:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Kevin D. Hamlet
Greencastle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin D. Hamlet, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent.* | September 28, 2018 <br><br> Court of Appeals Case No. 18A-PC-142 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Helen W. Marchal, Judge <br> The Honorable Stanley E. Kroh, Magistrate <br><br> Trial Court Cause No. 49G15-1703-PC-11760 |

**Bradford, Judge.**

# Case Summary

On August 4, 2016, Kevin Hamlet pled guilty to Level 6 felony theft and subsequently filed a petition for post-conviction relief ("PCR"). Following an evidentiary hearing, the post-conviction court denied Hamlet's petition. Hamlet raises a number of arguments on appeal, which we restate as whether the post-conviction court (1) correctly denied his PCR petition and (2) properly weighed the evidence. We affirm.

# Facts and Procedural History

On June 23, 2016, Hamlet was charged with Class A misdemeanor theft after he was caught trying to deprive Walmart of the value of certain containers of beer and liquor. The charge was enhanced to a Level 6 felony because of a prior conviction. Hamlet pled guilty to the enhanced Level 6 felony charge. The trial court subsequently accepted Hamlet's plea, entered judgment of conviction for Level 6 felony theft, and sentenced Hamlet to a two-year term, all of which was to be executed in community corrections. Hamlet filed a PCR petition on November 15, 2016. Following an evidentiary hearing, the post-conviction court denied Hamlet's PCR petition.

# Discussion and Decision

Hamlet contends that the post-conviction court erred by denying his PCR petition, arguing that his trial counsel provided ineffective assistance that

rendered his guilty plea involuntary. Hamlet also contends that the post-conviction court failed to appropriately credit certain evidence.

# I. Standard of Review

"Post-conviction procedures do not afford the petitioner with a super-appeal." *Williams v. State*, 706 N.E.2d 149, 153 (Ind. 1999). "Instead, they create a narrow remedy for subsequent collateral challenges to convictions, challenges which must be based on grounds enumerated in the post-conviction rules." *Id*. A petitioner who has been denied relief appeals from a negative judgment and as a result, faces a rigorous standard of review on appeal. *Dewitt v. State*, 755 N.E.2d 167, 169 (Ind. 2001); *Colliar v. State*, 715 N.E.2d 940, 942 (Ind. Ct. App. 1999), *trans. denied*.

Post-conviction proceedings are civil in nature. *Stevens v. State*, 770 N.E.2d 739, 745 (Ind. 2002). Therefore, in order to prevail, a petitioner must establish his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Stevens*, 770 N.E.2d at 745. When appealing from the denial of a PCR petition, a petitioner must convince this court that the evidence, taken as a whole, leads unmistakably to a conclusion opposite that reached by the post-conviction court. *Stevens*, 770 N.E.2d at 745. "It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that its decision will be disturbed as contrary to law." *Godby v. State*, 809 N.E.2d 480, 482 (Ind. Ct. App. 2004), *trans. denied*. "The post-conviction court is the sole judge of the weight of the evidence and

the credibility of the witnesses." *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004).

## II. Denial of Hamlet's PCR Petition

Hamlet contends that the trial court erred by denying his PCR petition because his trial counsel provided ineffective assistance that rendered his guilty plea involuntary. "The right to effective counsel is rooted in the Sixth Amendment to the United States Constitution." *Taylor v. State*, 840 N.E.2d 324, 331 (Ind. 2006). A successful claim for ineffective assistance of counsel must satisfy two components. *Reed v. State*, 866 N.E.2d 767, 769 (Ind. 2007). Under the first prong, the petitioner must establish that counsel's performance was deficient by demonstrating that counsel's representation "fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *Id.* (internal quotation omitted). We recognize that even the finest, most experienced criminal defense attorneys may not agree on the ideal strategy or most effective way to represent a client, and therefore, under this prong, we will assume that counsel performed adequately and defer to counsel's strategic and tactical decisions. *Smith v. State*, 765 N.E.2d 578, 585 (Ind. 2002). "Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective." *Id*.

Under the second prong, the petitioner must show that the deficient performance resulted in prejudice. *Reed*, 866 N.E.2d at 769. A petitioner's

failure to satisfy either prong will cause the ineffective assistance of counsel claim to fail. *See Williams*, 706 N.E.2d at 154. Stated differently, "[a]lthough the two parts of the *Strickland* test are separate inquires, a claim may be disposed of on either prong." *Grinstead v. State*, 845 N.E.2d 1027, 1031 (Ind. 2006) (citing *Williams*, 706 N.E.2d at 154).

[8] "There are two different types of ineffective assistance of counsel claims that can be made in regards to guilty pleas: (1) failure to advise the defendant on an issue that impairs or overlooks a defense and (2) an incorrect advisement of penal consequences." *McCullough v. State*, 987 N.E.2d 1173, 1176 (Ind. Ct. App. 2013). Where, as here, a petitioner raises a claim relating to penal consequences, "a petitioner must establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to the decision to plead." *Segura v. State*, 749 N.E.2d 496, 507 (Ind. 2001). "Merely alleging that the petitioner would not have pleaded is insufficient." *Id.* "Rather, specific facts, in addition to the petitioner's conclusory allegation, must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea." *Id.*

[9] Hamlet argues that his trial counsel provided deficient performance and makes the conclusory allegation that he would not have pled guilty but for this deficient performance. Review of the record, however, does not support Hamlet's claim that his trial counsel provided deficient performance. Hamlet asserts that he only pled guilty after his trial counsel informed him that the

deputy prosecutor threatened to seek a habitual-offender enhancement if he requested discovery. Trial counsel, however, testified that the deputy prosecutor never threatened to file a habitual enhancement and both she and the deputy prosecutor knew that Hamlet was not habitual-eligible because he was facing an enhanced charge. Trial counsel explained that language in the plea agreement referring to the State's decision not to file a habitual enhancement was "surplusage" and was inadvertently included. PCR Tr. p. 27. Trial counsel did not remember the trial court making any comment about a habitual enhancement beyond reading the term of the plea agreement that the State would not seek a habitual enhancement.[1]

[10] Trial counsel further indicated that while she had conversations with Hamlet about potential outcomes, she never discussed a potential habitual enhancement, explaining that "[i]t wasn't appropriate because he wasn't habitual[-]eligible in this case." PCR Tr. p. 29. Trial counsel remembered Hamlet as wishing to resolve the matter quickly because he was facing additional criminal penalties in an unrelated matter that was pending in a different criminal court. Hamlet never asked trial counsel to conduct discovery or indicated that he wished to proceed to trial. Pursuant to what she deemed to be Hamlet's wishes, trial counsel worked to obtain the best plea deal possible

---

[1] Hamlet also argues that the deputy prosecutor, his trial counsel, and the trial court made comments during the guilty plea hearing that renewed and repeated the alleged threat. Hamlet acknowledged during the evidentiary hearing that the transcript of the guilty plea hearing is not consistent with his recollection of the alleged comments but claims that he believes the transcript is inaccurate.

for Hamlet. Trial counsel testified during the post-conviction evidentiary hearing that she did not believe that the habitual-offender issue was a factor in Hamlet's decision to plead guilty.

[11] In denying Hamlet's PCR petition, the post-conviction court explicitly stated that it found trial counsel's testimony more credible than that of the Petitioner. We will not disturb the post-conviction court's credibility determinations on appeal. *See Fisher*, 810 N.E.2d at 679 (providing that the post-conviction court is the sole judge of the credibility of the witnesses). The record indicates that trial counsel appropriately discussed the potential penalties Hamlet faced and worked to resolve the case in accordance with Hamlet's wishes. Thus, like the post-conviction court, we conclude that Hamlet failed to prove that his trial counsel rendered deficient performance. Hamlet, therefore has failed to prove that he received ineffective assistance of trial counsel. *See Grinstead*, 845 N.E.2d at 1031 (providing that a claim of ineffective assistance may be disposed of on either the deficient performance or prejudice prong).

## II. Weight of Evidence

[12] Hamlet also contends that the post-conviction court failed to properly weigh evidence relating to the audio recording of the guilty plea hearing.[2] On August 17, 2017, the post-conviction court made an entry on the chronological case

---

[2] To the extent that Hamlet challenges the trial court's failure to review recordings of his phone conversations with trial counsel prior to the guilty plea hearing, Hamlet failed to provide any such recordings to the post-conviction court.

summary indicating that the court "has reviewed the audio of the guilty plea hearing and will consider same when reviewing the parties['] proposed findings of fact and conclusions of law." Appellant's App. Vol. II, p. 24. Hamlet claims "[l]ogic and reason determine that, if the Court heard anything other than what Hamlet stated from the beginning, especially alleging a manifest injustice, the Court would have clearly stated it then during its entry when there was no need to consider anything else." Appellant's Br. p. 27 (emphasis omitted). However, we believe the more reasonable inference is that given the post-conviction court's conclusion that Hamlet was not entitled to relief, the audio recording of the guilty plea hearing did not support Hamlet's recollection of the statements allegedly made during the hearing. Again, the post-conviction court is the sole judge of the weight of the evidence. *Fisher*, 810 N.E.2d at 679. Hamlet's claim effectively amounts to a request that this court reweigh the evidence, which we will not do. *See Wilkerson v. State*, 728 N.E.2d 239, 243 (Ind. Ct. App. 2000) (providing that we will neither reweigh the evidence nor judge the credibility of the witnesses on appeal).

[13] The judgment of the post-conviction court is affirmed.

Bailey, J., and Mathias, J., concur.