# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ANDREW C. MATERNOWSKI**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

FILED

Sep 04 2014, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

TRACEY L. WHEELER, JR.,      )
                              )
    Appellant-Petitioner,     )
                              )
        vs.              )      No.  84A01-1404-PC-153
                              )
STATE OF INDIANA,            )
                              )
    Appellee-Respondent.      )

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable John T. Roach, Judge
Cause No. 84D01-0908-PC-2503

**September 4, 2014**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Petitioner Tracey L. Wheeler, Jr. ("Wheeler") appeals the denial of his petition for post-conviction relief, which challenged his convictions for Dealing in Cocaine[1] and Maintaining a Common Nuisance.[2] We affirm.

## Issue

Wheeler presents the issue of whether he was denied the effective assistance of appellate counsel because appellate counsel declined to allege that Wheeler had been denied his right of self-representation.

## Facts and Procedural History

On September 21, 2007, the State charged Wheeler with several drug-related offenses. Three days later, public defender Angela Bullock ("Bullock") entered her appearance to represent Wheeler. Nonetheless, Wheeler filed a pro-se motion for a speedy trial.

Bullock represented Wheeler at a hearing on his pro-se motion for a speedy trial. On November 20, 2007, Wheeler sent a letter to the trial court expressing his frustration with Bullock and again requesting a speedy trial. On December 12, 2007, Wheeler wrote to the trial court to lodge a complaint against Bullock and request appointment of a lawyer "who will represent me to the fullest[.]" (App. 341.) In late January, Bullock filed a motion to suppress evidence and a motion to compel discovery on Wheeler's behalf. Daniel L. Weber ("Weber"), also a public defender, entered his appearance as co-counsel for Wheeler on

---

[1] Ind. Code § 35-48-4-1.

[2] I.C. § 35-48-4-13.

2

January 25, 2008.

Bullock sought a continuance of Wheeler's trial, a decision with which Wheeler strongly disagreed. He then filed several pro-se motions and letters. On February 19, 2008, Wheeler filed a motion requesting "an Appellant lawyer to file a Notice of Appeal to appeal the court's decision on granting the continuance of my fast and speedy trial because I can't go Pro Se." (App. 456.) Weber then filed, on Wheeler's behalf, a motion for a speedy trial. The motion was granted.

On April 2, 2008, Wheeler filed a letter requesting permission to fire his lawyer and represent himself. Bullock withdrew her appearance and Weber remained as counsel for Wheeler. On May 20, 2008, Wheeler filed another letter, wherein he advised the trial court that he had written to the head Public Defender and requested a new lawyer or, alternatively, the invocation of his right of self-representation. On May 23, 2008, he filed an additional letter, advising that he had requested in vain that his lawyer subpoena certain witnesses, and expressing dissatisfaction with his attorney's availability.[3] He contemporaneously filed his "Motion for Dismissal of Attorney for Ineffectiveness." (App. 372.) He requested that the trial court find "just cause as to the Dismissal of the current assigned attorney." (App. 373.) The motion for dismissal for ineffectiveness was denied.[4]

Wheeler proceeded to trial on July 21, 2008, with the assistance of court-appointed counsel. He was convicted and sentenced to thirty-five years imprisonment.

---

[3] In total, Wheeler filed at least thirteen letters directing the trial court's attention to performance of counsel.

[4] Wheeler filed disciplinary complaints against Bullock and Weber with the Disciplinary Commission of the Indiana Supreme Court.

3

Wheeler appealed, with the assistance of court-appointed counsel John Pinnow ("Pinnow"). Pinnow raised a single issue for review, whether the trial court abused its discretion by admitting evidence obtained pursuant to an allegedly invalid search warrant. Wheeler's convictions were affirmed. Wheeler v. State, 84A01-0809-CR-412 (Ind. Ct. App. July 7, 2009).

On April 20, 2010, Wheeler filed a pro-se petition for post-conviction relief, raising numerous claims. On October 23, 2013, with the assistance of counsel, Wheeler withdrew all claims other than one predicated upon his alleged assertion of his right of self-representation. The parties agreed to forego an evidentiary hearing, stipulating that the post-conviction court would "take judicial notice of the entire trial court file" and also consider Pinnow's affidavit. (App. 552.) On March 10, 2014, Wheeler's petition for post-conviction relief was denied. He now appeals.

### Discussion and Decision

#### Standard of Review

The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Id. On review, we will not reverse the judgment of the post-conviction court unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Id. A post-conviction court's findings and

4

judgment will be reversed only upon a showing of clear error, that which leaves us with a definite and firm conviction that a mistake has been made. Id. In this review, findings of fact are accepted unless they are clearly erroneous and no deference is accorded to conclusions of law. Id. The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. Id.

### Effectiveness of Counsel

Wheeler contends he was denied the effective assistance of appellate counsel. Effectiveness of counsel is a mixed question of law and fact. Strickland v. Washington, 466 U.S. 668, 698 (1984). We evaluate Sixth Amendment claims of ineffective assistance under the two-part test announced in Strickland. Id. To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate both deficient performance and resulting prejudice. Dobbins v. State, 721 N.E.2d 867, 873 (Ind. 1999) (citing Strickland, 466 U.S. at 687). Deficient performance is that which falls below an objective standard of reasonableness. Strickland, 466 U.S. at 687; see also Douglas v. State, 663 N.E.2d 1153, 1154 (Ind. 1996). Prejudice exists when a claimant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Cook v. State, 675 N.E.2d 687, 692 (Ind. 1996). The two prongs of the Strickland test are separate and independent inquiries. Strickland, 466 U.S. at 697. Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Id.

5

A defendant is entitled to the effective assistance of appellate counsel. Stevens v. State, 770 N.E.2d 739, 760 (Ind. 2002). The two-pronged standard for evaluating the assistance of trial counsel first enunciated in Strickland is applicable to appellate counsel ineffective assistance claims. Bieghler v. State, 690 N.E.2d 188, 192 (Ind. 1997). There are three basic categories of alleged appellate ineffectiveness: (1) denying access to an appeal, (2) waiver of issues, and (3) failure to present issues well. Id. at 193-95. Here, the second category is implicated.

"To show that counsel was ineffective for failing to raise an issue on appeal thus resulting in waiver for collateral review, the defendant must overcome the strongest presumption of adequate assistance, and judicial scrutiny is highly deferential." Henley v. State, 881 N.E.2d 639, 645 (Ind. 2008). Upon review, the performance prong is evaluated by applying the following test: (1) whether the unraised issues are significant and obvious from the face of the record and (2) whether the unraised issues are clearly stronger than those raised. Id.

Appellate counsel challenged the trial court's decision to admit evidence gained from the execution of an allegedly invalid search warrant; the reviewing court examined the evidence in support of the warrant and found it sufficient to establish probable cause. Wheeler, slip op. at 4. Wheeler claims that counsel should have argued that Wheeler was denied his right of self-representation, in contravention of Faretta v. California, 422 U.S. 806 (1975).

A defendant's Sixth Amendment right to counsel is essential to the fairness of a criminal proceeding. Drake v. State, 895 N.E.2d 389, 392 (Ind. Ct. App. 2008) (citing Gideon v. Wainwright, 372 U.S. 335, 344-45 (1963)). Implicit in the right to counsel is the right to self-representation. Faretta, 422 U.S. at 819.

A request to proceed pro-se is a waiver of the right to counsel and thus there are several requirements to invoking the right of self-representation successfully. Stroud v. State, 809 N.E.2d 274, 279 (Ind. 2004). The request must be clear, unequivocal, and made within a reasonable time prior to trial. Id. Additionally, the choice to proceed pro se must be knowing, intelligent, and voluntary. Id. Even after a defendant has asserted his or her right to self-representation, the right may be waived through conduct indicating that one is vacillating on the issue or has abandoned the request altogether. Id. at 281.

In his affidavit, Pinnow stated that he had considered the issue of Wheeler's self-representation and had rejected it as a strong issue for appeal. In relevant part, Pinnow's affidavit provided:

> In researching the self-representation issue I reviewed Faretta v. California, 422 U.S. 806 (1975) and relevant Indiana precedent as well as the direct appeal record and came to the conclusion based upon Stroud v. State, 809 N.E.2d 274, 279-82 (Ind. 2004) that Tracey Wheeler had only requested to represent himself a single time and that a single request was insufficient to asset his right of self-representation. Wheeler's pro se request was also accompanied by efforts to have his attorney replaced by another attorney. He did not maintain a consistent position of asking to represent himself.
>
> I chose not to raise the self-representation issue in his direct appeal based upon what was in the direct appeal record and Stroud. The only issue I raised pertained to the issuance of the search warrant.

(App. 553-54.)

7

The record available to appellate counsel included Wheeler's communications in advance of trial. In sum, Wheeler's appellate counsel opined that the motions and letters did not constitute an unequivocal request for self-representation. Wheeler contends that this assessment and decision to forego an appellate challenge is outside the bounds of reasonable representation.

In particular, Wheeler argues that two of his letters plainly conveyed his desire to represent himself. The first of these, the letter of April 2, 2008, contained the following language:

> I want to fire my counsel and represent myself, it is my constitutional right to represent myself. I feel as well as it shows that the Public defender's office isn't for the best interest of me. I've tried several times to fire my lawyer thru your court to represent myself the only results I've seen have be against me. So I feel if the best representation isn't going to come from the Public defender's office I feel I'll be in better care representing myself, I only trust me.

(App. 459.) The second letter, received May 20, 2008, provided in relevant part:

> [S]ince Feb. 4th I have not spoken with an attorney nor have neither attorney fulfilled any of my request, nor took any precautions for preparing for trail. [sic] I believe the motion filed by my attorney was without merit and contained nothing but lies to deceive the court and trick the court into granting the motion to help cover up the fact that my lawyer isn't doing his or her job. I've written the head Public Defender and as well the courts requesting a new lawyer or to use my right to represent myself, I can send myself to prison, I don't need someone representing me who isn't going to attempt to get a not guilty verdict.

(App. 469.)

On April 2, 2008, Wheeler asked that he be allowed to represent himself. In the subsequent letter, he highlighted perceived deficiencies in his counsel's performance and

8

indicated that he had written letters to obtain <u>either</u> a new lawyer or self-representation. He did not make a specific request of the trial court at that time. Still later, he asked for dismissal of "the current assigned attorney," arguably implying that there would be a subsequent assigned attorney. (App. 466.) Moreover, the letters upon which Wheeler relies were a small part of numerous communications with the trial court undertaken for the apparent purpose of bringing to light Wheeler's unfavorable assessment of counsel's performance. In sum, it appears that Wheeler engaged in a tactical campaign to procure counsel more to his liking.

Wheeler did not – without equivocation or subsequent conduct indicating vacillation – assert his right of self-representation. Accordingly, appellate counsel did not overlook a significant and obvious claim that Wheeler was deprived of his Sixth Amendment right of self-representation.

## Conclusion

Wheeler fails to demonstrate a reasonable probability that the outcome of his direct appeal would have been different had appellate counsel raised a <u>Faretta</u> claim. Wheeler has not shown that he was denied the effective assistance of appellate counsel.

Affirmed.

NAJAM, J., and PYLE, J., concur.