## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Tracy A. Nelson
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Coyle,<br><br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br><br>*Appellee-Respondent.* | December 30, 2016<br><br>Court of Appeals Case No.<br>36A01-1603-PC-644<br><br>Appeal from the Jackson Circuit Court<br><br>The Honorable William Vance Judge<br><br>Trial Court Cause No.<br>36C01-1110-PC-3 |

**Bradford, Judge.**

# Case Summary

Appellant-Petitioner Robert Coyle appeals the denial of his petition for post-conviction relief ("PCR"). Specifically, Coyle raises the following restated issue: whether the post-conviction court erred when it concluded that Coyle's trial counsel was not ineffective for failing to move for a dismissal of the charges under Cause No. 36C01-0408-FA-34 ("Cause No. 34"). Because there is no evidence that such a motion would have been granted or that Coyle suffered any prejudice, the post-conviction court's denial of Coyle's PCR petition was not clearly erroneous. We affirm.

# Facts

Our memorandum decision in Coyle's prior direct appeal for the charges in Cause No. 36C01-0410-FA-46 ("Cause No. 46"), which was handed down on April 10, 2007, instructs us as to the underlying facts leading to this post-conviction proceeding.

> In 2004, Coyle was living in a residence in Seymour, Indiana with his girlfriend. In August of that year, the Seymour police, led by Detective Carl Lamb, executed a search warrant on the residence. Based upon the officers' findings, Coyle and others were arrested for dealing cocaine. Coyle was imprisoned at the Jackson County jail where he told Ryan Tincher, another inmate, of his desire to kill Detective Lamb and his family. Once he was released from jail, Tincher told Detective Lamb about Coyle's statements. Coyle had previously shared his aspiration to kill Detective Lamb with Melvin Robison, an acquaintance, and, while Coyle was incarcerated at the Jackson County jail,

Robison became an inmate there, as well. While an inmate, Robison acted as a confidential informant to obtain information on Coyle's plan to kill Detective Lamb and his family. A police officer from a neighboring community posed as Robison's contact "on the outside," and Coyle eventually signed over two vehicles as payment for the murders and for the burning of Detective Lamb's home. Based upon the information gathered while Coyle was incarcerated, he was charged with three counts of conspiracy to commit murder and one count of conspiracy to commit arson. . . .

*Coyle v. State*, 36A05-0606-CR-294 *1 (Ind. Ct. App. April 10, 2007), *trans. denied*.

# Procedural History

[3]     On August 9, 2004, in Cause No. 34, the State charged Coyle with two counts of Class A felony dealing in cocaine. On October 13, 2004, in Cause No. 46, the State charged Coyle with three counts of Class A felony conspiracy to commit murder and one count of conspiracy to commit arson. On December 1, 2005, in Cause No. 36C01-0512-FA-40 ("Cause No. 40"), the State charged Coyle with Class A felony conspiracy to commit murder.

[4]     On March 16, 2006, a jury found Coyle guilty as charged in Cause No. 46 and the trial court sentenced him to concurrent sentences of 45 years on each conspiracy to commit murder count and a 15-year consecutive sentence on the conspiracy to commit arson count. Coyle filed a direct appeal arguing that there was insufficient evidence to sustain his convictions and that the trial court erroneously sentenced him to an aggregate term of 60 years because his crimes

constituted a single episode of criminal conduct.  Consequently, Coyle argued that his sentence should have been capped at 55 years.

[5]     This Court affirmed Coyle's convictions in Cause No. 46 in a memorandum opinion on April 10, 2007, and the Indiana Supreme Court subsequently denied transfer.  On September 10, 2007, Coyle pled guilty to one count of Class A felony dealing in cocaine under Cause No. 34, in exchange for a 20-year sentence and for the dismissal of the other Cause No. 34 drug charge and the conspiracy to commit murder charge under Cause No. 40.  Per the agreement, the 20-year sentence under Cause No. 34 would be consecutive to the Cause No. 46 sentence.  On October 5, 2007, Coyle was sentenced in Cause No. 34 in accordance with the plea agreement.

[6]     On May 5, 2008, Coyle, *pro se*, filed a petition for PCR, which was later amended by counsel, alleging that his appellate counsel was ineffective for not arguing that Coyle should not have been convicted of four counts of conspiracy when there was only evidence of one agreement.  Coyle and the State subsequently filed a joint motion to dismiss the amended petition for PCR in exchange for vacating three convictions under Cause No. 46 along with the sentences imposed upon them.  The PCR court granted the joint motion on August 24, 2011.

[7]     On October 13, 2011, Coyle, *pro se*, filed a petition for PCR in Cause No. 34.  The petition was amended twice by counsel.  In the final amended petition filed on April 13, 2014, Coyle claimed that his trial attorneys were ineffective for

failing to move for the dismissal of his charges in Cause No. 34 because those charges should have been joined with the charges under Cause No. 46. Coyle further alleged that the State was barred from prosecuting him in a separate cause and he was prejudiced by his attorneys' ineffectiveness because he pled guilty to a charge that the State was barred from prosecuting. On March 1, 2016, the post-conviction court denied Coyle relief.

# Discussion and Decision

## I.     Standard of Review

[8]     Post-conviction proceedings are civil in nature. *Stevens v. State*, 770 N.E.2d 739, 745 (Ind. 2002). Therefore, in order to prevail, a petitioner must establish his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Stevens*, 770 N.E.2d at 745. When appealing from a denial of a petition for post-conviction relief, a petitioner must convince this court that the evidence, taken as a whole, "leads unmistakably to a conclusion opposite that reached by the post-conviction court." *Stevens*, 770 N.E.2d at 745. "It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that its decision will be disturbed as contrary to law." *Godby v. State*, 809 N.E.2d 480, 482 (Ind. Ct. App. 2004), *trans. Denied*. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). We therefore accept the post-conviction court's

findings of fact unless they are clearly erroneous but give no deference to its conclusions of law. *Id.*

## II. Ineffective Assistance of Trial Counsel

Post-conviction proceedings do not afford a petitioner with a super-appeal, and not all issues are available. *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001). A claim of ineffective assistance of trial counsel is properly presented in a post-conviction proceeding if such claim is not raised on direct appeal. *Id.* A claim of ineffective assistance of counsel is an appropriate issue for post-conviction review. *Id.*

"The right to effective counsel is rooted in the Sixth Amendment of the United States Constitution." *Taylor v. State*, 840 N.E.2d 324, 331 (Ind. 2006). "The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results." *Strickland v. Washington*, 466 U.S. 668, 685, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We evaluate such claims under the two-part test announced in *Strickland*. *Wheeler v. State*, 15 N.E.3d 1126, 1129 (Ind. Ct. App. 2014). A successful claim for ineffective assistance of counsel must satisfy two components:

> First, the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show prejudice: a reasonable probability (i.e. a probability sufficient to undermine confidence

in the outcome) that, but for counsel's errors, the result of the proceeding would have been different. *McCary v. State*, 761 N.E.2d 389, 392 (Ind. 2002) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). When considering the first prong of the *Strickland* test, deficient performance, the question is not whether the attorney could—or even should—have done something more. Rather, the question is whether the attorney's performance amounted to a reasonably competent defense or did not. As a result, the inquiry must focus on what the attorney actually did, and "[i]solated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective." *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind.2001). Moreover, because "[c]ounsel is afforded considerable discretion in choosing strategy and tactics, ... [a] strong presumption arises that counsel rendered adequate assistance." *Id.*

*Reed v. State*, 866 N.E.2d 767, 769 (Ind. 2007).

[11] Coyle argues that his trial counsel was ineffective for failing to move to dismiss his charges under Cause No. 34. According to Coyle, the charges in the drug case and the conspiracy to commit murder case had to be joined because they were a series of connected acts. Due to the fact they were not joined by the State, Coyle argues that the drug charges under Cause No. 34 should been have dismissed on a motion by his trial counsel. Coyle further asserts that as a result of this deficient performance, he is serving twenty years on a conviction the State was barred from prosecuting.

[12] The post-conviction court rejected Coyle's argument on the ground that his trial counsel's failure to move to dismiss the drug charges under Cause No. 34 was

not deficient. Specifically, the post-conviction court entered the following findings of facts and conclusions thereon:

> 6. Petitioner was not entitled to dismissal of the underlying drug case, Jackson Circuit Court Cause No. 36C01-0408-FA-34, because those cases are not of a similar character. The cases are not part of a single scheme or plan because they are not connected by a distinctive nature, they do not share a common modus operandi and they do not share a common motive.

> 7. Even if Petitioner was correct, and the case was in fact barred from prosecution, the Petitioner cannot show that there was prejudice.

> 8. The *Strickland* standard for relief for ineffective assistance of counsel has two prongs, both of which must be met in order for a petition for post-conviction relief to succeed. The second prong of [*Strickland*] requires a showing of prejudice.

> 9. Petitioner's claim of ineffective assistance of counsel rests upon the assertion that the State was barred from prosecuting the underlying cause due to the disposition of the State's case in Jackson Circuit Court Cause No. 36C01-0410-FA-40.

> 10. The Petitioner cannot show prejudice because he cannot show that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

> 11. The testimony presented at the fact finding hearing shows that, even if the drug case and the conspiracy case were sufficiently related to the extent that they should have been joined, counsel would have moved to sever those cases.

PC App. 188-92.

[13] The post-conviction court's findings, based upon the *Strickland* test, were supported by the record. The events surrounding the drug and conspiracy charges occurred several months apart in different locations. The post-conviction court found that there was no evidence that the charges arose from a single scheme or plan, were connected by a distinctive nature, or share a common motive. Counsel admitted to the post-conviction court that even if the cases were sufficiently related such that they could have been joined, counsel would have moved to sever those cases. Additionally, there is no evidence that a motion to dismiss in Cause No. 34 would have been granted had one been filed by his trial counsel.

[14] The evidence does not compel a decision opposite that reached by the post-conviction court. Consequently, it was not clearly erroneous for the post-conviction court to conclude that Coyle's trial counsel's performance was not deficient and Coyle was not prejudiced by his trial counsel's failure to file a motion to dismiss.

[15] We affirm the post-conviction court's judgment.

Vaidik, C.J., and Brown, J. concur.