**FOR PUBLICATION**



**FILED**

May 16 2013, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**HILARY BOWE RICKS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ANTHONY MCCULLOUGH, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1209-PC-719 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
The Honorable Stanley E. Kroh, Master Commissioner
Cause Nos. 49G03-0905-PC-051550 & 49G03-0809-PC-210841

**May 16, 2013**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Anthony McCullough appeals the post-conviction court's partial denial of his petition for post-conviction relief. He contends that the post-conviction court erred in finding that his plea for Class C felony fraud on a financial institution was knowingly, intelligently, and voluntarily entered into because he had ineffective assistance of trial counsel for his Class D felony failure to register as a sex offender charge, and the pleas were part of a combined plea agreement. Finding that McCullough received effective assistance of trial counsel for his guilty plea for fraud and therefore pled guilty knowingly, intelligently, and voluntarily to that charge, we affirm.

**Facts and Procedural History**

On September 4 and 10, 2008, McCullough and Julee Kehoe gave false information on a loan application to Fifth Third Bank to purchase a car. On May 28, 2009, the State charged McCullough with Class C felony conspiracy to commit fraud on a financial institution, Class C felony fraud on a financial institution, Class D felony theft, and Class A misdemeanor check deception. On September 29, 2009, McCullough entered into a combined plea agreement in which he pled guilty to Class C felony fraud on a financial institution and an unrelated Class D felony failure to register as a sex offender charge under cause number FD-210841. The plea agreement called for concurrent sentences and capped the executed portion of the sentence at two years, but left the rest of sentencing to the trial court's discretion. In exchange for the plea, the State dismissed the remaining three counts in the fraud case, agreed not to argue for placement in the Department of Correction, and agreed not to file the habitual offender

sentence enhancement. At the sentencing hearing, the trial court sentenced McCullough to eight years, with six years suspended, on the Class C felony fraud conviction and a concurrent two-year executed sentence on the Class D felony failure to register conviction. McCullough was ordered to serve the executed portion of his sentence on home detention through electronic monitoring services.

After being sentenced, McCullough learned of our Supreme Court's holding in *Wallace v. State*, 905 N.E.2d 371 (Ind. 2009), *reh'g denied*, that the sex-offender registry requirements were not retroactive. His trial counsel had not previously advised him of the holding in this case. McCullough then filed a petition and was removed from the sex-offender registry because he never should have been required to register.

McCullough later filed a petition for post-conviction relief under both cause numbers. An evidentiary hearing was held, and the court took the matter under advisement. McCullough then filed a motion to withdraw his petition without prejudice, which was granted. McCullough filed a new petition for post-conviction relief under both cause numbers, which he moved to amend two months after filing. The post-conviction court granted the petition. The amended petition claimed that McCullough's guilty pleas were not knowing, intelligent, and voluntary due to ineffective assistance of trial counsel, specifically trial counsel's failure to advise him about the *Wallace* holding. An evidentiary hearing was held, and the post-conviction court entered findings of fact and conclusions of law. Post-conviction relief was granted in the Class D felony failure to register case, vacating that conviction, but denied in the Class C felony fraud case.

McCullough now appeals.

**Discussion and Decision**

The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.* The post-conviction court in this case entered findings of fact and conclusions thereon in accordance with Indiana Post-Conviction Rule 1(6). "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Id.* (internal quotation omitted). The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id.* We accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. *Id.*

McCullough contends that his plea was not knowing, intelligent, and voluntary because he received ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, failure to satisfy either prong will cause the claim to fail. *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002). "[I]f we can dismiss an ineffective assistance claim on the prejudice prong,

we need not address whether counsel's performance was deficient." *Lee v. State*, 892 N.E.2d 1231, 1233 (Ind. 2008).

Counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *French*, 778 N.E.2d at 824. Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference. *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001), *reh'g denied*. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Perez v. State*, 748 N.E.2d 853, 854 (Ind. 2001).

There are two different types of ineffective assistance of counsel claims that can be made in regards to guilty pleas: (1) failure to advise the defendant on an issue that impairs or overlooks a defense and (2) an incorrect advisement of penal consequences. *Segura v. State*, 749 N.E.2d 496, 500 (Ind. 2001); *see also Smith v. State*, 770 N.E.2d 290, 295 (Ind. 2002). Since McCullough is arguing that he was not properly advised about the possible defense he may have had to the Class D felony failure to register charge, the first category is at issue in this case. The specific standard for showing prejudice on such a claim was articulated by our Supreme Court in *Segura* and requires:

> a showing of a reasonable probability of success at trial if the alleged error is one that would have affected a defense. . . . . A new trial is of course necessary if an unreliable plea has been accepted. But its costs should not be imposed needlessly, and that would be the result if the petitioner cannot

5

show a reasonable probability that the ultimate result-conviction-would not have occurred despite counsel's error as to a defense.

749 N.E.2d at 503.

In this case, McCullough's post-conviction petition was granted as to the charge for which his trial counsel failed to advise him about a viable defense, vacating the Class D felony failure to register conviction.

The charge for which his post-conviction petition was denied, however, was the Class C felony fraud charge. While McCullough's trial counsel testified at the post-conviction hearing that there were some defenses that could have been asserted on this charge, McCullough makes no argument that his trial counsel failed to inform him about any defense to fraud. The evidence against McCullough for this charge was considerable: his co-defendant had signed a plea agreement and was going to testify against him, and the State had substantial evidence in the form of documents that all pointed to McCullough's guilt. His trial counsel testified that "the evidence against Mr. McCullough was overwhelmingly and strongly against his favor" and "conviction was almost certain if we had gone to trial." Tr. p. 67. He also testified that McCullough did not want to go to trial on the fraud case. *Id.* at 66-67.

Additionally, we note that McCullough received a substantial benefit from his plea agreement. The State dismissed three charges: a Class C felony, a Class D felony, and a Class A misdemeanor. The State also limited McCullough's executed time to two years and agreed not to file the habitual offender sentencing enhancement. Without this agreement, McCullough could have faced up to a twenty-year executed sentence in the DOC for the fraud charge alone – up to eight years for the Class C felony, Indiana Code

6

section 35-50-2-6, and up to twelve years for the habitual offender enhancement. Ind. Code § 35-50-2-8(h). Instead, he was sentenced to two concurrent two-year executed sentences to be served on home detention, one of which was later vacated.

Based on these facts, we cannot say that the post-conviction court clearly erred in granting relief as to the Class D felony failure to register charge, but denying relief as to the Class C felony fraud charge. McCullough did not receive ineffective assistance of counsel as to the fraud charge; his trial counsel did not fail to inform him of any defense, and he has failed to show a reasonable probability of success at trial if he had not pled guilty to fraud.

While we realize that both of the charges were part of a single plea agreement, the post-conviction court did not err in separating the charges when coming to its decision. Our Supreme Court has previously separated the charges in a plea agreement, reversing only five of the six charges to which the defendant pled guilty in *Smith v. State*, 770 N.E.2d at 298. We also note that in this particular case, the two charges to which McCullough pled guilty arose out of two unrelated criminal acts with separate cause numbers, allowing us to easily separate the charges, relevant defenses, and effectiveness of his trial counsel's assistance. Finally, we note that the *Segura* Court, in articulating the standard for showing ineffectiveness of counsel for failure to advise of a defense, stated that the costs of a new trial "should not be imposed needlessly." 749 N.E.2d at 503. In this case, in failing to show that his counsel was ineffective in regards to the fraud charge, McCullough has not presented us with any evidence that the outcome of a trial on that

7

charge would have been any different than a guilty plea; there is no reason to needlessly impose the costs of a new trial in this instance.

We therefore find that McCullough pled guilty knowingly, intelligently, and voluntarily to the fraud charge and affirm the post-conviction court's holding.

Affirmed.

KIRSCH, J., and PYLE, J., concur.