## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 16 2016, 7:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Nathan Hummel<br>Michigan City, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | James B. Martin<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nathan Hummel,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | September 16, 2016<br><br>Court of Appeals Case No.<br>75A03-1602-PC-278<br><br>Appeal from the Starke Circuit Court<br><br>The Honorable Kim Hall, Judge<br><br>Trial Court Cause No.<br>75C01-1508-PC-2 |

**Najam, Judge.**

## Statement of the Case

Nathan Hummel was convicted of dealing in a narcotic drug, as a Class B felony; two counts of robbery, as Class B felonies; and disarming an officer, as a Class C felony, pursuant to a plea agreement. Hummel subsequently petitioned for post-conviction relief, which the post-conviction court denied. He now appeals, challenging the post-conviction court's judgment, and he raises a single issue for our review, namely, whether he was denied the effective assistance of trial counsel. We affirm.

## Facts and Procedural History

In December 2011, the State charged Hummel with six felony counts related to his participation in an armed robbery of a CVS pharmacy. In particular, the State alleged that Hummel: jumped over the counter in the pharmacy and, armed with a knife, took controlled substances from the presence of the pharmacist and stole cartons of cigarettes; possessed with intent to deliver morphine, methadone, oxycodone, oxycontin, Ritalin, Fentora, Nucynta, and Avinza; and attempted to take a police officer's gun. During a guilty plea hearing in April 2012, Hummel pleaded guilty to dealing in a narcotic drug, as a Class B felony; two counts of robbery, as Class B felonies; and disarming an officer, as a Class C felony. In exchange for Hummel's plea, the State reduced the dealing count from a Class A felony to a Class B felony and dismissed two of the felony counts. And the terms of the plea agreement provided for an aggregate sentence of twenty-five years executed. The trial court entered

judgment of conviction and sentence according to the terms of the plea agreement.

[3]     On August 18, 2015, Hummel filed a pro se petition for post-conviction relief. In that petition, Hummel alleged that his "plea of guilty was not knowingly and voluntarily entered into due to receiving ineffective assistance of trial [counsel]." Appellant's App. at 36. Following a hearing, the post-conviction court concluded that Hummel "freely and voluntarily, after advise [sic] of counsel who was not ineffective, pled guilty under the terms of the Plea Agreement." Appellant's Br. at 23.[1] This appeal ensued.

## Discussion and Decision

[4]     Hummel contends that his plea was not knowing, intelligent, and voluntary because he received ineffective assistance of trial counsel.

> To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, failure to satisfy either prong will cause the claim to fail. *French v. State*, 778 N.E.2d 816, 824 (Ind. 2002). "[I]f we can dismiss an ineffective assistance claim on the prejudice prong, we need not address whether counsel's performance was deficient." *Lee v. State*, 892 N.E.2d 1231, 1233 (Ind. 2008).

---

[1] Hummel did not include the post-conviction court's order in the appendix on appeal. *See* Ind. Appellate Rule 50(A)(2)(b).

Counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *French*, 778 N.E.2d at 824. Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference. *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001). A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Perez v. State*, 748 N.E.2d 853, 854 (Ind. 2001).

There are two different types of ineffective assistance of counsel claims that can be made in regards to guilty pleas: (1) failure to advise the defendant on an issue that impairs or overlooks a defense and (2) an incorrect advisement of penal consequences. *Segura v. State*, 749 N.E.2d 496, 500 (Ind. 2001); *see also Smith v. State*, 770 N.E.2d 290, 295 (Ind. 2002). . . . The specific standard for showing prejudice on [the first type of claim] was articulated by our Supreme Court in *Segura* and requires:

> a showing of a reasonable probability of success at trial if the alleged error is one that would have affected a defense. . . . A new trial is of course necessary if an unreliable plea has been accepted. But its costs should not be imposed needlessly, and that would be the result if the petitioner cannot show a reasonable probability that the ultimate result-conviction-would not have occurred despite counsel's error as to a defense.

749 N.E.2d at 503.

*McCullough v. State*, 987 N.E.2d 1173, 1176-77 (Ind. Ct. App. 2013).

[5] We agree with the State that Hummel has waived this issue for review on appeal for failure to present a cogent argument in support of his contentions. *See* Ind. Appellate Rule 46(A)(8)(a). While Hummel sets out the applicable standard of review and cites case law relevant to his burden to prove ineffective assistance of counsel in general, he does not state with any specificity how his trial counsel's performance was allegedly deficient or direct us to any evidence in the record to support his bare contentions. *See id.* For instance, in his brief on appeal, Hummel states that his trial counsel made "unprofessional errors," but he does not describe those alleged errors or direct us to any part of the record to support that allegation. Appellant's Br. at 15. And Hummel avers that his trial counsel did not "properly advise [him] on the offen[s]e of dealing in a narcotic" drug, but he does not explain what his trial counsel's advice was or how it was improper. *Id.* at 16. Because of the lack of cogent argument and citation to the record or relevant authority, Hummel has waived his ineffective assistance of trial counsel claim for our review.

[6] Affirmed.

Vaidik, C.J., and Baker, J., concur.