## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 10 2020, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Michael W. Gillam
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael W. Gillam,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 10, 2020

Court of Appeals Case No.
19A-PC-3001

Appeal from the St. Joseph
Superior Court

The Honorable Jane Woodward
Miller, Judge

Trial Court Cause No.
71D01-1810-PC-34

**May, Judge.**

[1]     Michael W. Gillam appeals following the trial court's denial of his petition for post-conviction relief.  We affirm.

# Facts and Procedural History

In 2011, the Indiana Department of Child Services received a report that alleged Gillam had been involved in a relationship with a minor female, R.G., since 2003. Detective Jason Briggs of the St. Joseph County Special Victims Unit interviewed R.G. R.G. reported that she had been in a sexual relationship with Gillam from when she was ten years old until 2010, when she was sixteen years old. Detective Briggs also interviewed Gillam, who admitted engaging in sexual conduct with R.G. between 100 and 200 times. Gillam also admitted taking pictures and filming R.G. while she was nude.

Gillam was arrested, and the State charged him with four counts of Class A felony child molesting,[1] four counts of Class B felony sexual misconduct with a minor,[2] one count of Class C felony child exploitation,[3] and four counts of Class C felony incest.[4] Gilliam entered into a plea agreement with the State in which he agreed to plead guilty to two counts of Class A felony child molesting, two counts of Class B felony sexual misconduct with a minor, and one count of Class C felony child exploitation. In turn, the State agreed to dismiss the remaining eight charges. The plea agreement left sentencing open, with the exception that the sentence for Class C felony child exploitation would run

---

[1] Ind. Code § 35-42-4-3.

[2] Ind. Code § 35-42-4-9.

[3] Ind. Code § 35-42-4-4.

[4] Ind. Code § 35-46-1-3.

concurrent with one of his sentences for Class B felony sexual misconduct with a minor. At Gillam's change of plea hearing on November 15, 2011, Gillam acknowledged that he read and understood the terms of his plea agreement. The court also informed Gillam of the potential maximum and minimum sentences he faced if the court accepted the plea agreement. Gillam acknowledged that he understood the potential penalties and proceeded to plead guilty. Gillam also indicated that he was satisfied with his counsel's advice.

[4] The trial court held a sentencing hearing on December 15, 2011. The trial court sentenced Gillam to thirty years for each Class A felony child molesting conviction, ten years for each Class B felony sexual misconduct with a minor conviction, and four years for the Class C felony child exploitation conviction. The trial court ordered the sentences for the two Class A and two Class B felonies to all be served consecutively, with the sentence for the Class C felony served concurrently, resulting in an aggregate eighty-year sentence.

[5] Gillam filed a petition for post-conviction relief on October 17, 2018, alleging "police violated terms of search warrant [and] prosecutor picked and choosed what to 'discover' in my juvenile record." (App. Vol. II at 115) (errors in original). However, during a status conference regarding his petition for post-conviction relief, Gillam asserted he was pursuing a claim for ineffective assistance of counsel. The post-conviction court held an evidentiary hearing on Gillam's petition on July 12, 2019. Gillam's trial counsel and Detective Briggs testified at the evidentiary hearing. On October 10, 2019, the post-conviction

court issued an order with findings of fact and conclusions of law denying Gillam's petition for post-conviction relief.

# Discussion and Decision

[6] Initially, we note Gillam elected to proceed pro se before the post-conviction court below and this court on appeal. Litigants who proceed pro se are held to the same established rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied*, *cert. dismissed,* 558 U.S. 1074 (2009). One risk a litigant takes when proceeding pro se is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Id*. When a party elects to represent himself, there is no reason for us to indulge in any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of his appeal. *Foley v. Mannor*, 844 N.E.2d 494, 496 n.1 (Ind. Ct. App. 2006).

[7] A post-conviction relief petition provides a "quasi-civil remedy" and requires the petitioner to prove he is entitled to relief by a preponderance of the evidence. *Koons v. State*, 771 N.E.2d 685, 688 (Ind. Ct. App. 2002), *trans. denied*. "When appealing from the denial of a petition for post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Bethel v. State*, 110 N.E.3d 444, 449 (Ind. Ct. App. 2018), *trans. denied*. Therefore, we will reverse the denial of a petition for post-conviction relief only if "the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court." *Id*. Where the

post-conviction court enters findings of fact and conclusions of law in accordance with Post-Conviction Rule 1(6), we do not defer to the trial court's legal conclusions, but we do review the post-conviction court's factual findings for clear error. *McDowell v. State*, 102 N.E.3d 924, 929 (Ind. Ct. App. 2018), *trans. denied*. We do not reweigh the evidence or judge the credibility of the witnesses. *Id*. We consider the probative evidence and all reasonable inferences therefrom in the light most favorable to the post-conviction court's ruling. *Id*.

[8] Indiana Appellate Rule (8)(a) requires that the argument section of an appellant's brief "contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal, relied on, in accordance with Rule 22." This requirement preserves the impartiality of the appellate tribunal. *Young v. Butts*, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997). "A court which must search the record and make up its own arguments because a party has not adequately presented them runs the risk of becoming an advocate rather than an adjudicator." *Id*. As the State notes: "It is unclear what legal claims Gillam presents on appeal. Gillam references legal concepts, case law, statutes, and constitutional rights, but he fails to support his references with cogent reasoning or citations to evidence in the record[.]" (Appellee's Br. at 14.) Gillam's brief casts aspersions on the deputy prosecutor, his trial counsel, the judge, and "the well-funded 'child saving industry,'" (Appellant's Br. at 11), but Gillam does not offer coherent

explanations or point to evidence in the record to back up his assertions. Therefore, we hold Gilliam waived his arguments on appeal by failing to present a cogent argument.[5] *See Martin v. Hunt*, 130 N.E.3d 135, 138 (Ind. Ct. App. 2019) (holding appellant waived issues on appeal by failing to present a cogent argument).

[9] Waiver notwithstanding, we review whether Gillam's trial counsel was ineffective. An ineffective assistance of counsel claim requires the petitioner to demonstrate "that his counsel's performance fell below an objective standard of reasonableness as determined by prevailing professional norms, and that the lack of reasonable representation prejudiced him*." Rondon v. State*, 711 N.E.2d 506, 517 (Ind. 1999). The petitioner must overcome the presumption that his trial counsel exercised reasonable judgment and performed adequately. *Id*. There are two categories of claims of error available to a petitioner pursuing an ineffective assistance of counsel claim after pleading guilty: "(1) failure to advise the defendant on an issue that impairs or overlooks a defense and (2) an incorrect advisement of penal consequences." *McCullough v. State*, 987 N.E.2d 1173, 1176 (Ind. Ct. App. 2013). The petitioner must also show that but for his counsel's errors he would not have pled guilty and there was a "reasonable probability" that he would have obtained a more favorable result at trial. *Segura*

---

[5] Similarly, any claims related to the officer's execution of a search warrant or the prosecutor's conduct during discovery in Gillam's criminal proceeding, which were alleged in Gillam's petition for post-conviction relief but not argued on appeal, are waived. *See Reed v. Reid*, 980 N.E.2d 277, 299 n.17 (Ind. 2012) (holding argument not renewed on appeal was abandoned).

*v. State*, 749 N.E.2d 496, 507 (Ind. 2001), *disapproved on other grounds by Bobadilla v. State*, 117 N.E.3d 1272, 1287 (Ind. 2019).

[10] Gillam confessed to engaging in sexual conduct with R.G. between 100 and 200 times, and Gillam does not point to any impaired or overlooked defense that conceivably could have been able to overcome such substantial evidence of his guilt. Further, Gillam's trial counsel testified at the post-conviction hearing that he advised Gillam during their consultations that Gillam faced a lengthy sentence. At the change of plea hearing, the trial court informed Gillam that he faced a maximum possible sentence of 140 years, and Gillam acknowledged that he understood the maximum sentence he faced before he entered a guilty plea. Therefore, Gillam has not demonstrated he received ineffective assistance of trial counsel. *See Manzano v. State*, 12 N.E.3d 321, 327 (Ind. Ct. App. 2014) (holding defendant who pled guilty to rape did not receive ineffective assistance of trial counsel), *trans. denied*, *cert. denied*, 135 S. Ct. 2376 (2015).

[11] In his appellate brief, Gillam describes his sentence as "egregious" and "excessive." (Appellant's Br. at 5, 6). To the extent Gillam is attempting to challenge the length of his sentence, the post-conviction court found in its order on Gillam's petition for post-conviction relief that he waived the right to appeal his sentence pursuant to the terms of his plea agreement. Even though the post-conviction order indicates a copy of Gillam's plea agreement is attached as an exhibit to the order, Gillam failed to include the plea agreement in his appendix. Therefore, Gillam has waived any challenge to the trial court's finding that he waived his right to appeal his sentence due to his failure to

present an adequate record. *See Wilhoite v. State*, 7 N.E.3d 350, 355 (Ind. Ct. App. 2014) (holding defendant failed to present a sufficient record to permit review of his claim that he was not tried by a jury of his peers). Nonetheless, Gillam did not file a direct appeal of his sentence, and therefore, he cannot subsequently challenge the propriety of his sentence via a petition for post-conviction relief. *See Taylor v. State*, 780 N.E.2d 430, 435 (Ind. Ct. App. 2002) (holding defendant who did not challenge his sentence by filing a direct appeal could not challenge his sentence through a petition for post-conviction relief), *reh'g denied*, *trans. denied*. Gillam has not demonstrated he was entitled to relief based on his petition for post-conviction relief.

# Conclusion

[12] Gillam failed to present a cogent argument, and therefore he has waived his claims on appeal. Waiver notwithstanding, Gillam has not demonstrated his trial counsel was ineffective. He also did not file a direct appeal challenging his sentence, and therefore, he may not challenge the length of his sentence in a petition for post-conviction relief. For all these reasons, we find no error in the trial court's denial of Gillam's petition for post-conviction relief. Therefore, we affirm.

[13] Affirmed.

Riley, J., and Altice, J., concur.